UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LESLIE TREADWELL,

        Petitioner,

v.

MINNESOTA CORRECTIONAL
COMMISSIONER JOAN FABIAN,
MN ATTORNEY GENERAL MIKE
HATCH and WARDEN ROBERT
FENEIS,

        Respondents.

Civil No.: 05-1908 (JNE/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 1). Respondents have filed a Motion to Dismiss Petition for Habeas Corpus (Docket No. 4). This matter has been referred to the undersigned Magistrate Judge for Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, it is recommended that Respondent's Motion to Dismiss be denied, and that the Court establish a briefing schedule for the submission of an amended petition by Petitioner and related legal memoranda from the parties.

**I.   INTRODUCTION AND BACKGROUND**

Petitioner Leslie Treadwell ("Petitioner"), was charged in Olmsted County District Court with second-degree intentional murder and second-degree felony murder in connection with the October 4, 2001, stabbing death of Joseph Bale. A jury found Petitioner guilty of second-degree felony murder and

acquitted him of second-degree intentional murder. Petitioner was sentenced to 180 months in prison, an upward departure from the presumptive 165-month sentence, and is currently serving his sentence at the Minnesota Correctional Facility at Rush City, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal with the Minnesota Court of Appeals, in which his attorney argued (1) the jury may have improperly believed Petitioner had the burden of proving his self-defense claim, and supporting evidence was withheld; (2) the trial court improperly permitted the prosecutor's peremptory strike to remove the only African-American juror (*Baston* challenge)[1]; and (3) the trial court abused its discretion by its upward departure of Petitioner's sentence. *See* Respondents' Motion to Dismiss, Appendix at 1, Appellant's Brief to the Minnesota Court of Appeals. Petitioner filed a pro se supplemental brief, in which he repeated the claims of his counsel and raised the following additional issues: (1) he was improperly denied a change of venue; (2) he received ineffective assistance of trial counsel relating to the testimony of one witness; (3) his due process rights were violated by the jury instructions; and (4) the evidence was insufficient to support his convictions. *See Id.* at 2, Appellant's Pro-Se Brief to the Minnesota Court of Appeals.

The Court of Appeals rejected all of Petitioner's claims and affirmed his conviction and sentence. *State v. Treadwell*, No. A03-361, 2004 WL 834803 (Minn. Ct. App. April 20, 2004). On May 13, 2004, Petitioner filed a petition for review with the Minnesota Supreme Court, in which he argued (1) the jury may have improperly believed Petitioner had the burden of proving his self-defense claim, and supporting evidence was withheld; (2) a *Baston* challenge; and (3) the trial court abused its discretion by

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

its upward departure of Petitioner's sentence.  *See* Respondents' Motion to Dismiss, Appendix at 5, Appellant's Petition for Review of Decision of Court of Appeals.  On June 15, 2004, the Minnesota Supreme Court denied review.  *See Id.* at 7, Order.

Subsequent to the denial of review by the Minnesota Supreme Court, Petitioner commenced two separate pro se actions for post-conviction relief in Minnesota state court.  In the first, filed September 21, 2004, Petitioner raised 4 claims for relief, including (1) ineffective assistance of trial counsel; (2) denial of his right to a fair trial because his telephone conversation was unlawfully intercepted and illegally introduced at trial; (3) prosecutorial and official misconduct; and (4) ineffective assistance of appellate counsel on direct appeal.  *See* Respondents' Supplemental Submission to Appendix, Findings of Fact and Conclusions of Law dated February 14, 2005.  The District Court for the County of Olmsted, Minnesota denied the petition finding "[a]ll issues raised by Petitioner in his petition for a post-conviction relief were raised on direct appeal and were considered by the Minnesota Court of Appeals." *Id.*  On September 1, 2005, Petitioner filed a second petition for post-conviction relief on the ground that the upward departure by the District Judge in his sentencing violated his constitutional rights.  *See* Respondents' Supplemental Submission to Appendix, Findings of Fact and Conclusions of Law dated November 1, 2005.  Again, the District Court found this issue had been raised on direct appeal and had been considered by the Minnesota Court of Appeals, and the petition was denied.  *Id.*

Finally, On August 7, 2005, Petitioner filed a Motion to Suspend the Rules and Re-Open Appeal directly with the Minnesota Supreme Court, challenging his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004).  *See* Respondents' Motion to Dismiss, Appendix at 9, Treadwell's Motion to Suspend

the Rules and Re-Open Appeal. On August 24, 2005, the Minnesota Supreme Court denied Petitioner's motion to re-open his direct appeal. *See Id.* at 11, Order.

On August 23, 2005, Petitioner filed his current federal habeas corpus petition which lists four grounds for relief:

(1) that his due process rights to a fair trial were violated by prosecutorial misconduct when the prosecutor shifted the burden of proof to Petitioner, withheld evidence, and dismissed the only African-American juror;

(2) that his due process rights to a fair and impartial trial were violated when the trial court abused its discretion by allowing the only African-American juror to be dismissed, allowing the state to shift the burden of proof; denying Petitioner's right to a lesser included offense; and upwardly departing from the sentencing guidelines without submitting the facts to a jury;

(3) that his Sixth Amendment protections were violated by ineffective assistance of trial and appellate counsel when his trial counsel failed to have investigators locate certain witnesses and failed to locate certain evidence; and when appellate counsel failed to file a write of certiorari and failed to file a motion to re-open his case following the decision in *Blakely v. Washington*; and

(4) that the trial court abused its discretion when it failed to rule on whether the record clearly indicated the jury could have believed he had the burden of proving his self-defense claim and improperly withheld evidence from the jury.

Petition (Doc. No.1).

On September 22, 2005, Respondents moved to dismiss Petitioner's petition because it presented a "mixed petition" of exhausted and unexhausted claims for relief. (Doc. No. 4). Specifically, Respondents acknowledge that Petitioner presented his *Baston* claim to the Minnesota Supreme Court, but assert that Petitioner failed to present his other claims for relief to the Minnesota Supreme Court in a manner that properly alerted the Court to the federal nature of his claims. Thus, Respondents assert, these claims are unexhausted, and should not be reviewed in this habeas corpus action. In addition. Respondents contend

Petitioner's *Blakely* claim is procedurally defaulted and should not be entertained in this habeas petition. Petitioner did not file any response to Respondent' motion seeking dismissal.

## II. DISCUSSION

### A. Exhaustion of Petitioner's Claims

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Rose v. Lundy,* 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. *O'Sullivan,* 526 U.S. at 844; *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995) (*per curiam*); *Rose,* 455 U.S. at 518-19; *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir.1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan,* 526 U.S. at 845; *Duncan,* 513 U.S. at 365-66. *See also McCall v. Benson,* 114 F.3d 754, 757 (8th Cir.1997) ("before we may reach the merits of a habeas petition, we must first determine whether the Petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas Petitioner must exhaust his state court remedies with respect to *all* of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition"-i.e., one that includes both exhausted and unexhausted claims-will be dismissed for non-exhaustion. *Rose,* 455 U.S. at 510, 522. In this case, the Court concludes the Petitioner has not exhausted all of his state court remedies with respect to all of the claims raised in his federal habeas corpus petition. Thus, the petition before this Court is a "mixed petition."

5

### 1. Exhausted Claim - *Batson* Challenge

As part of his second ground for habeas relief, Petitioner raises a challenge to the removal of the only African-American juror by the prosecution at trial under *Batson v. Kentucky*, 476 U.S. 79 (1986). In his petition to the Minnesota Supreme Court for review of the Court of Appeals decision, Mr. Treadwell cited to the *Batson* case to support his contention that the removal of the only African-American juror was improper. Accordingly, the Court concludes Petitioner presented a federal issue with respect to the juror removal issue to the highest state court, and this portion of ground two of Petitioner's petition is, therefore, exhausted.

### 2. Unexhausted Claims

In order to give the state courts one full opportunity to resolve any constitutional issues, a prisoner must proceed through one full round of the State's appellate review process. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court. *Id.,* 526 U.S. 838. Failure to seek review of claims at all appellate levels of the state court system represents non-exhaustion of those claims.

#### a. Ineffective Assistance of Appellate Counsel

Petitioner raises a claim for ineffective assistance of appellate counsel on the basis that appellate counsel failed to file a petition for writ of certiorari without the consent of Petitioner and failed to file a motion to re-open his case following the decision in *Blakely v. Washington*. A habeas petitioner is required to first raise an ineffective assistance of appellate counsel claim in the state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Williams v. Kemma*, 311 F.3d 895, 897 (8th Cir. 2002).

A review of the underlying record indicates Petitioner did not raised an ineffective assistance of appellate counsel claim in any direct appeal. However, it is clear to this Court that the grounds upon which Petitioner brings his ineffective assistance claim in the instant habeas petition were unknown to the Petitioner at the time of his direct appeal to the Minnesota appellate courts. Consequently, he could not have raised his claim on direct appeal. Further review of the record indicates Petitioner's first petition for post-conviction relief included a claim of "ineffective assistance of appellate counsel on direct appeal," but the district court's findings of fact and conclusions of law fail to identify the specific basis for Petitioner's claim. In addition, the district court's Order does not include an ineffective assistance of appellate counsel claim in its rendering of those claims considered by the Minnesota Court of Appeals on direct review. Instead, that list only indicates that a review of the "effectiveness of trial counsel" was undertaken by the Court of Appeals. Nonetheless, in its "Conclusions of Law," the district court finds "[a]ll issues raised by Petitioner in his petition for post-conviction relief were raised on direct appeal and were considered by the Minnesota Court of Appeals." Petitioner's post-conviction petition was summarily denied by the district court.

In light of the district court's conclusion regarding the scope of the review undertaken by the appellate court of Petitioner's claims, this Court is unable to conclusively conclude that the district court considered Petitioner's post-conviction ineffective assistance of appellate counsel claim on the basis that appellate counsel failed to file a petition for writ of certiorari without Petitioner's consent.[2] From these circumstances, as presented in the record before the Court, the Court concludes that Petitioner's ineffective

---

[2] Moreover, the *Blakely* case was decided by the United States Supreme Court on June 24, 2004, nine days after Petitioner's petition to the Minnesota Supreme Court was denied. Thus, Petitioner could not have presented a challenge to his sentence on the basis of *Blakely* in his direct appeal.

assistance of appellate counsel claim is an unexhausted claim. In some circumstances, Minnesota courts will consider ineffective assistance of appellate counsel claims which are raised for the first time in post-conviction proceedings. *See Ives v. Minnesota*, 655 N.W.2d 633, 635 (Minn. 2003) (noting that a post-conviction court may consider an ineffective assistance of counsel claim if the claim requires additional fact finding); *Lilienfeld v. State of Minnesota*, 2004 WL 1630899, No. Civ.02-4781(JRT/RLE), at *3 (July 16, 2004, D. Minn) (unpublished opinion). Thus, it is the opinion of this Court that a state court remedy might still be available for Petitioner to raise his ineffective assistance of appellate counsel claim, and the Court concludes this claim is unexhausted.

      b.  <u>Ineffective Assistance of Trial Counsel and Lesser Offense</u>

As discussed above, Petitioner's direct appeal to the Minnesota Court of Appeals raised the issues of improper burden-shifting and withholding of evidence regarding self-defense, improper removal of African-America juror under *Baston*, improper upward departure in sentencing, improper denial of change of venue, ineffective assistance of trial counsel, improper jury instruction, and insufficiency of the evidence. All of these claims were denied by the Court of Appeals. Petitioner then raised three of these issues in his petition for review filed with the Minnesota Supreme Court; improper burden-shifting and withholding of evidence regarding self-defense, a *Baston* challenge, and improper upward departure in sentencing. None of the remaining issues, including two claims now raised in Petitioner's habeas petition, ineffective assistance of trial counsel and Petitioner's right to a lesser included offense, were presented to the Minnesota Supreme Court on direct appeal.

Accordingly, the Court concludes Petitioner's did not provide the state courts with the first full opportunity to review the ineffective assistance of trial counsel claim or the failure to include a lesser offense

claim. Consequently these claims are unexhausted.

       c.   <u>Burden-Shifting/Withholding Evidence and Upward Departure</u>

  A state prisoner's petition for writ of habeas corpus may be entertained by a federal court "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *Schleeper v. Groose,* 36 F.3d 735, 737 (8th Cir.1994). Furthermore, even a federal claim may not go forward under § 2254 if the claim has not been fairly presented to the state courts on the same facts and legal theories that are subsequently presented to the federal courts. *Morris v. Norris,* 83 F.3d 268, 270 (8th Cir.1996). Indeed, even if an applicable state law bears some relationship to federal law, the petitioner in a habeas action must explicitly cite to the United States Constitution or federal case law to preserve federal review. *Id.*

  In *Baldwin v. Reese,* 541 U.S. 27 (2004), the U.S. Supreme Court held that a state prisoner does not fairly present a federal claim to a state court if that court is required to read outside the petition, brief, or other comparable documents to find material that would alert the court to the existence of such a federal claim. *Id.* In particular, the state supreme court is not required to read the lower court's decision in a quest to determine whether federal claims have been asserted. *Id.* The requirement of fair presentation imposes no unreasonable burden on a state prisoner who may eventually seek federal habeas corpus relief because the federal issue can easily be raised by merely citing a federal source of law that is relied upon or a case deciding such a claim on federal grounds. *Id.* at 1351.

  The Court concludes the Petitioner did not alert the Minnesota Supreme Court to the federal nature of his claims of improper burden-shifting and withholding of evidence regarding self-defense and improper upward departure in sentencing claims. Petitioner, in his petition for review to the state Supreme Court on

these two issues, makes no reference to federal law or the federal Constitution, and cites no state law case indicating that the case was decided on federal grounds. The Court of Appeals decision on these claims makes no reference to any constitutional principle. In sum, there nothing in the petition for review that would have alerted the Minnesota Supreme Court to the presence of a federal claim with respect to these two issues. Petitioner has never framed or litigated the issue of burden-shifting and withholding of evidence regarding self defense or upward departure in sentencing as federal issues. Therefore, the petitioner never fairly presented these two claims to the state courts. These claims are unexhausted.

      **B.**      **Procedural Default**

The court may choose to dismiss a petition containing exhausted and unexhausted claims–a "mixed petition"– without prejudice for failure to fully exhaust state court remedies. *See* 28 U.S.C. §2254(b). However, under Eighth Circuit law, this disposition is improper where the petitioner has defaulted in the state courts on the unexhausted claims. *See Akins v. Kenney,* 341 F.3d 681, 686-87 (8th Cir.2003) (concluding that dismissal of a mixed petition for failure to exhaust state remedies "is not appropriate as to claims for which [petitioner] has no currently 'available procedure' under state law to raise the issues"). If the state's procedural rules would preclude hearing on the merits, the petitioner has procedurally defaulted and the petitioner is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or miscarriage of justice can be demonstrated. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

Under Minnesota state law, when a petitioner has directly appealed a conviction, all claims raised in the appeal and all matters that were known but not raised, "will not be considered upon subsequent petition for post conviction relief." *Greer v. State*, 673 N.W.2d 151, 155 (Minn. 2004) (citing *State v.*

*Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). Petitioner's claims of ineffective assistance of trial counsel, failure to include a lesser offense, burden-shifting and withholding of evidence regarding self defense and upward departure in sentencing have all been raised in Petitioner's direct appeal or were matters that were known but not raised in Petitioner's direct appeal. Therefore, Minnesota law would preclude further state review of these issues as presented in the instant habeas petition.

If a petitioner's unexhausted claims are procedurally barred under state law, the exhaustion requirement is satisfied because "this requirement ... refers only to remedies still available at the time of federal petition." *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). The court concludes that the Petitioner has procedurally defaulted on these unexhausted claims under Minnesota law. Therefore, Petitioner is likewise procedurally barred from obtaining federal habeas relief on these claims, unless he demonstrates cause for the default and actual prejudice, or a miscarriage of justice resulting from failure to consider the claims on the merits. *McCall*, 114 F.3d at 757.

### C.  Progression Henceforth

In sum, Petitioner's only claim properly before this Court at this time is his *Baston* challenge. His ineffective assistance of appellate counsel claim is an unexhausted claim, and Petitioner has procedurally defaulted on his remaining claims. Consequently this is a "mixed petition." Respondents contend dismissal is warranted to allow Petitioner to determine what, if any, action is appropriate to correct the exhaustion deficiencies. This Court disagrees.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitioners are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The Court recognizes that this limit "may render some petitioners' claims time-barred upon their return to federal court after

11

exhausting their state court remedies following a dismissal without prejudice on exhaustion grounds." *Akins v. Kenney*, 341 F.3d 681, 685 (8th Cir.2003). There is no doubt that in this case a dismissal without prejudice would jeopardize Mr. Treadwell's ability to seek later review in federal court because the statute of limitations has expired during the pendency of Mr. Treadwell's habeas petition.

Under Eighth Circuit law, a petitioner who presents a "mixed petition" should be allowed to amend his petition to include only his exhausted claims. *See Jackson v. Dormire,* 180 F.3d 919, 920 (8th Cir.1999). In the interest of fairness and justice, the Court recommends Petitioner be afforded the opportunity to amend his existing habeas petition to present his exhausted *Baston* claim. In addition, the Court recommends Petitioner be afforded the opportunity to present argument and evidence of cause for default and actual prejudice for any claim he wishes to include in his amended petition that this Court has deemed "procedurally defaulted." A court-established briefing schedule on these arguments and a deadline for the submission of an amended petition is recommended as follows:

(1) Petitioner shall file and serve an amended §2254 petition for writ of habeas corpus that includes his exhausted *Baston* claim, as well as any claim this Court, in the substance of this Order, determined to be procedurally defaulted, provided that Petitioner also submits a memorandum of law setting forth specific legal and factual arguments demonstrating cause for his default and actual prejudice that will result if this court does not consider the claims on the merits, or that a fundamental miscarriage of justice will result if the claims presented in the amended Petition are not considered on their merits. Petitioner shall file and serve any such amended petition and legal memorandum on Respondents and this Court on or before November 1, 2006. It is recommended that a failure to file an amended petition on or before this date result in dismissal of the Petition.

(2) Respondents shall file any response to the amended Petition and/or brief relating to procedural default within 30 days of service of an amended Petition and/or brief.

**IV.   CONCLUSION**

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED THAT**:

(1) Petitioner be ordered to submit an amended §2254 petition for writ of habeas corpus and legal memorandum in accordance with the substance of this report;

(2) Respondents be ordered to respond to any submission by Petitioner pursuant to the Court's Order with 45 days of service of any such filing; and

(3) Respondents' Motion to Dismiss (Docket No. 4) be **DENIED**.

Dated: July 31, 2006                                     s/Jeanne J. Graham

                                        _____
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 17, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.